## HOLMES *v.* MURPHY.

There was no error in striking on demurrer a plea undertaking to set up, as a defense to an action on a promissory note, damages alleged to have been occasioned to the defendant by the plaintiff's breach of a contract, whereby the defendant lost certain contemplated dividends upon policies of life-insurance, when it does not appear, from the allegations of the plea, that the defendant would have realized such dividends had there been no breach of the plaintiff's contract.

Submitted February 22, — Decided April 13, 1898.

Complaint on note.   Before Judge Harris.   City court of Floyd county.   December term, 1896.

*Hal Wright*, for plaintiff in error.   *Almer R. Davis*, contra.

FISH, J.   An action was brought by Murphy against Holmes upon a promissory note.   The defendant's answer was, in substance, as follows:   He was induced by the plaintiff to take two policies of life-insurance in an insurance company, upon the semi-tontine plan with a dividend period of ten years.   His principal object in taking the policies was that he might become entitled to anticipated dividends thereon which would accrue at the end of ten years.   His share of such dividends, had he been able to keep the policies in force, would have amounted to $545.   The plaintiff agreed that if the defendant

would pay the premiums due upon the policies for three years, he (the plaintiff) would procure for the defendant a loan from the company, which would enable the latter to carry his policies the fourth year, and that if the company did not make such loan, the plaintiff would do so himself.  The defendant kept the policies up for three years, and then requested of the company a loan with which to pay the premiums for the fourth year.  This request being denied, application for the loan was made to the plaintiff, and he refused to make the same as he had agreed to do.  As a result, the defendant was unable to carry the policies longer, and thus forfeited his right to claim the dividends above mentioned.  On demurrer the defendant's answer was stricken, and he excepted.  The court directed a verdict for the plaintiff, and afterwards overruled the defendant's motion for a new trial.  To this judgment also he excepted.

There was no error in striking the defendant's plea.  The vice of it was that it failed entirely to show that, even if he had received the loan which he claimed it was essential for him to have in order to keep in force his policies during the fourth year of their existence, he would have been able to pay the premiums upon them which would have accrued during the remainin' six years which would elapse before the arrival of the time when he would have been entitled to the dividends.  The plea alleges neither ability nor purpose to keep the policies in force after the expiration of the fourth year, and, therefore, absolutely fails to allege facts sufficient to show that the defendant would ever have obtained the dividends in question, even if the plaintiff had promptly and faithfully complied with his undertaking to procure for, or make to, the defendant the desired loan.  Taking as true everything alleged in the answer, the defendant's chance to obtain the dividends was too remote to make it the basis of a set-off or recoupment against the plaintiff's demand upon the note.

After the plea was stricken, the case stood undefended, and, therefore, the direction of the verdict in the plaintiff's favor was proper.

*Judgment affirmed.    All concurring, except Cobb, J., absent.*